IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-222-H

| | | |
|---|---|---|
| SED, INC. OF SOUTH CAROLINA d/b/a SED GAMING, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| SEVEN CREEKS ENTERTAINMENT, LLC, ANTHONY LONG, JEREMY NEER, JOHN FANNIN, BRAD SKIDMORE, CYBER CONNECT-NC, LLC, and SEASIDE GAMING, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on a motion to dismiss filed by defendants John Fannin, Brad Skidmore, Cyber Connect-NC, LLC and Seaside Gaming, Inc. (collectively "the Skidmore defendants") [DE #48] and a motion to dismiss filed by defendants Seven Creeks Entertainment, LLC, Anthony Long and Jeremy Neer (collectively "the Seven Creeks defendants") [DE #50]. Appropriate responses and replies have been filed, and the time for further filings has expired. This matter is, therefore, ripe for ruling.

## BACKGROUND

This case arises out of the operation of POT O' GOLD video gaming machines at Jackpots Sweepstakes, a video gaming parlor

located in Wilmington, North Carolina. Plaintiff alleges that it owns the exclusive rights to the POT O' GOLD software,[1] as well as registered and unregistered marks used in connection with the POT O' GOLD video gaming system. Plaintiff maintains that defendants have infringed plaintiff's rights "by making illegal copies of the POT O' GOLD software, selling said copies to the public, and publicly operating, using, and otherwise publicly displaying video gaming machines that operate using illegal and/or illegally-modified copies of the POT O' GOLD software and that make illegal and infringing use of" plaintiff's marks. (Am. Compl. [DE #34] ¶ 24.) Plaintiff asserts claims of copyright infringement, trademark infringement, racketeering, and unfair or deceptive trade practices under North Carolina law. Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted.

## COURT'S DISCUSSION

I. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim must accept the plaintiff's allegations as true and construe the allegations of the

---

[1] Depending on the version of the operating system, a POT O' GOLD machine may have a selection of up to twelve (out of a possible sixteen) different games that may be selected for play by the user.

complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). However, it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The court need not accept as true legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555.

3

## II. Copyright Claim

Defendants lodge a number of objections to plaintiff's copyright infringement claim. Defendants first argue that plaintiff has not alleged sufficient facts to support a finding that plaintiff owns a registered copyright to the POT O' GOLD software. Defendants further contend that plaintiff's amended complaint is deficient because it fails to identify what aspects of the software are registered and which versions of the software are alleged to have been infringed and because it includes no factual basis for its allegation, made upon information and belief, that the software has been copied.

In its amended complaint, plaintiff has pled that "copyrights for original versions of the [POT O' GOLD] software have been registered with the United States Copyright Office" and that plaintiff "is the sole and exclusive holder of all rights in and to the Software." (Am. Compl. ¶ 28.) Plaintiff has also attached copies of a number of documents from the United States Copyright Office documenting the registration of several subsequent and derivative versions of the software and the transfer of the copyrights to plaintiff. (Am. Compl. Ex. A & B.) Plaintiff alleges that defendants have infringed plaintiff's exclusive rights by "making illegal copies of the software," selling illegal copies of the software, and "publicly operating, using and otherwise publicly displaying video gaming

4

machines" running illegally copied or modified POT O' GOLD software. (Am. Compl. ¶ 24.)

Plaintiff's amended complaint contains further details of the alleged infringement. For example, the complaint charges the Skidmore defendants with selling or leasing to the Seven Creeks defendants video gaming machines that were running illegal copies of plaintiff's POT O' GOLD software. (Am. Compl. ¶¶ 27, 28.) It also charges the Seven Creeks defendants with operating and using video gaming machines running illegally copied versions of the POT O' GOLD software obtained from the Skidmore defendants and other persons or entities not party to this action. (Am. Compl. ¶¶ 25, 26.) Additionally, paragraph thirty-six of plaintiff's complaint alleges that the Seven Creeks defendants operate approximately twelve POT O' GOLD machines that belong to the Skidmore defendants pursuant to "a revenue sharing or other form of lease arrangement." (Am. Compl. ¶ 36.)

The court finds that plaintiff has alleged sufficient facts to plead a plausible claim of copyright infringement against each of the defendants. Accordingly, defendants' motions to dismiss plaintiff's copyright infringement claim are denied.

### III. Trademark Claim

Defendants next challenge plaintiff's trademark claim. They maintain that the claim should be dismissed for lack of

5

standing because plaintiff has failed to provide "adequate proof that Plaintiff is in fact the exclusive licensee of the POT O' GOLD mark." (Skidmore Dfs.' Mem. Supp. Mot. Dismiss [DE #49] at 19.) Defendants further assert that dismissal of the trademark claim is warranted because plaintiff has failed to specifically allege that the machines displayed the words "POT O' GOLD" (Id. at 20).

Plaintiff has alleged in its amended complaint that it is the owner of the registered POT O' GOLD mark (Reg. No. 3139045), having acquired the mark as part of its March 2009 acquisition of the assets of Vision Gaming & Technology, Inc. (Am. Compl. ¶ 21.) Plaintiff further asserts that it updated the registration to reflect its current ownership in January 2010. (Id.) These allegations are sufficient to establish that plaintiff has standing to assert infringement and unfair competition claims relating to the POT O' GOLD mark.

Moreover, plaintiff has alleged sufficient facts to support its trademark claim. Specifically, plaintiff's amended complaint asserts that the video gaming machines at issue in this case were operating pirated or counterfeit software that displays the POT O' GOLD mark (Am. Compl. ¶¶ 52, 54) and that defendants' use of the mark has created a likelihood of confusion among consumers in the video gaming market. (Am.

Compl. ¶54). Defendants' motions to dismiss plaintiff's trademark claim are, therefore, denied.

IV. **Racketeering Claims**

Defendants further move to dismiss plaintiff's federal and state civil RICO claims. As to these claims, defendants contend that plaintiff has failed to adequately allege facts showing that defendants were part of an enterprise, much less one that is a separate and distinct organizational framework established to "engage in criminal acts of counterfeiting and piracy for the common purpose of injuring Plaintiff." (Skidmore Dfs.' Mem. Supp. Mot. Dismiss at 23.) The court finds the allegations of plaintiff's amended complaint sufficient to withstand Rule 12(b)(6) and, therefore, denies defendants' motions as to plaintiff's racketeering claims.

V. **Unfair or Deceptive Trade Practice Claim**

Next, defendants contend that plaintiff's unfair or deceptive trade practices claim is preempted by the Copyright Act. The court notes that plaintiff's unfair or deceptive trade practices claim is based not only upon defendants' alleged copyright infringement, but also upon defendants' trademark infringement. As such, defendants have not demonstrated the absence of a plausible claim for relief, and defendants' motions to dismiss are denied as to this claim.

7

## VI. Individual Defendant Claims

With regard to plaintiff's claims against the individual defendants, defendants maintain that plaintiff has failed to allege any facts demonstrating that these defendants engaged in wrongdoing. The court disagrees. Plaintiff's amended complaint asserts that defendants Anthony Long, Jeremy Neer, John Fannin and Brad Skidmore "materially participated in a conspiracy to infringe upon the copyrights and/or trademarks of Plaintiff through the sale, distribution, public performance, and commercial operation of pirated and/or counterfeit infringing software." (Am. Compl. ¶ 13.) Additionally, plaintiff alleges that the individual defendants are the owners or managers of the allegedly infringing entities and that each of them "approved and ratified the tortuous [sic] acts" alleged in plaintiff's amended complaint. While, ultimately, the facts alleged in plaintiff's amended complaint may not be borne out by the evidence, they are sufficient to withstand defendants' motion to dismiss for failure to state a claim.

## VII. Punitive Damages

Finally, defendants move to dismiss plaintiff's "claim" for punitive damages. As defendants point out, there is no independently cognizable cause of action for punitive damages in North Carolina. Punitive damages are "a form of relief ancillary to a recognized cause of action, which is sought in

8

addition to compensatory damages." Belton v. Dodson Bros. Exterminating Co., No. 1:09-CV-106, 2009 WL 3200035, at *6 (M.D.N.C. Sept. 30, 2009). At this stage of the litigation it is unclear to the court whether plaintiff's claims would support an award of punitive damages. The court, therefore, denies without prejudice defendants' motions as to punitive damages.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE #48 & 50] are DENIED. The clerk is directed to continue management of this case.

This 16th day of February 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31